

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  MAY 29 2012  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

D.S., by and through his mother and next friend S.S;
D.W.1; D.W.2, by and through his mother and next
friend N.W.; R.H., by and through his mother and
next friend H.G.; and L.H., on behalf of themselves
and all others similarly situated,

                Plaintiffs,

vs.

NEW YORK CITY DEPARTMENT OF
EDUCATION and NEW YORK CITY BOARD OF
EDUCATION,

                Defendants.

No. 05 Civ. 4787 (JBW)(CLP)

**THIRD STIPULATION AND ORDER OF SETTLEMENT CONCERNING COUNSEL FEES, COSTS, EXPENSES, AND DISBURSEMENTS**

---

        **WHEREAS,** the parties to this action entered into a Stipulation of Settlement dated August 27, 2008 ("the Settlement Agreement"), which settled the issues raised in this litigation by Plaintiffs D.S., by and through his mother and next friend S.S; D.W.1; D.W.2, by and through his mother and next friend N.W.; R.H., by and through his mother and next friend H.G.; and L.H. (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), without further proceedings and without any admission of fault or liability by Defendants New York City Department of Education ("DOE") and New York City Board of Education (together, "Defendants," and, with Plaintiffs, the "Parties")[1];

---

[1] Defendants Joel Klein, Marcia Lyles, and Spencer Holder were dismissed from this action by a Stipulation of Dismissal executed by the Parties, dated August 27, 2008.



**WHEREAS,** pursuant to paragraphs 46 and 47 of the Settlement Agreement, Defendants agreed that "Plaintiffs are entitled to counsel fees as though they are prevailing parties and agree not to contest Plaintiffs' entitlement to seek fees under 42 U.S.C. § 1988," and that "Plaintiffs also are entitled to reasonable attorneys' fees and reimbursement of expenses for time spent executing and enforcing the terms of" the Settlement Agreement;

**WHEREAS,** the Court conditionally approved the Settlement Agreement by Tentative Order dated November 14, 2008 ("the Tentative Order"), which provided that the Tentative Order, and the Court's Memorandum and Order on Class Certification and Approval of Proposed Settlement ("the Court's Memorandum") that was subsequently issued on November 25, 2008, would become final on February 17, 2009, provided that neither the United States Attorney General nor any State Department of Education notified the Court that a hearing was requested;

**WHEREAS,** neither the United States Attorney General nor any State Department of Education notified the Court that a hearing was requested, and the Tentative Order, along with the Court's Memorandum, thus became final on February 17, 2009;

**WHEREAS,** by Stipulation and Order of Settlement Concerning Counsel Fees, Costs, Expenses, and Disbursements dated May 21, 2010, the Parties resolved the issue of Plaintiffs' counsel fees, costs, expenses, and disbursements incurred up through and including June 30, 2009;

**WHEREAS,** by Second Stipulation and Order of Settlement Concerning Counsel Fees, Costs, Expenses, and Disbursements dated January 4, 2011, the Parties resolved the issue of Plaintiffs' counsel fees, costs, expenses, and disbursements incurred from July 1, 2009 through June 15, 2010;

**WHEREAS,** pursuant to paragraph 36 of the Settlement Agreement, the parties agreed to extend certain of the injunctive relief provisions of the Settlement Agreement through and including the fall semester of the 2011-2012 school year and that the Independent Monitor would report on Defendants' compliance with these injunctive provisions through and including the fall semester of the 2011-2012 school year (the "Extension Agreement");

**WHEREAS,** on April 15, 2011, the Court approved the Extension Agreement; and

**WHEREAS,** the Parties wish to resolve the issue of Plaintiffs' counsel fees, costs, expenses, and disbursements incurred from June 16, 2010 through June 15, 2011 without further proceedings, on terms and conditions that are just and fair to all Parties;

**NOW, THEREFORE, IT IS HEREBY AGREED,** by and between the Parties, through their attorneys, as follows:

1. The City of New York ("the City") shall pay Plaintiffs, for counsel fees, costs, expenses, and disbursements, the sum of sixty-one thousand, six hundred and ninety-six dollars and sixty-three cents ($61,696.63), as follows: (a) twenty-six thousand, six hundred and three dollars and seventy-five cents ($26,603.75) by check made payable to Advocates for Children of New York, Inc. ("AFC"); and (b) thirty-five thousand, ninety-two dollars and eighty-eight cents ($35,092.88) by check made payable to Morrison & Foerster LLP ("M&F").

2. In consideration for the payment identified in paragraph 1 above, Plaintiffs hereby release all Defendants, their past and present officials, employees, departments, agencies, representatives, directors, and agents, and their successors and assigns, including but not limited to Joel Klein, Marcia Lyles, and Spencer Holder, from any and all liability, claims, and/or rights

of action for counsel fees, costs, expenses, and disbursements that were accrued or incurred in or concerning this action from June 16, 2010 through June 15, 2011.

3. Upon execution of this Third Stipulation and Order of Settlement Concerning Counsel Fees, Costs, Expenses, and Disbursements ("Third Fee Stipulation"), each of AFC and M&F shall execute a Release ("Release") based on the terms of paragraphs "1" and "2" above, and shall provide promptly these Releases to Defendants' undersigned counsel, together with tax identification numbers and substitute W-9 forms (as needed) for Plaintiffs' counsel.

4. Plaintiffs and Plaintiffs' counsel shall promptly execute and deliver to Defendants' counsel any additional documents reasonably necessary to effectuate this Third Fee Stipulation.

5. Nothing herein shall be deemed to be an admission by Defendants of any liability whatsoever or, except as set forth in the Settlement Agreement, shall be deemed to be an admission by Defendants that Plaintiffs will be entitled to any counsel fees, costs, expenses, or disbursements in the future in connection with this action. Nothing herein shall be deemed to constitute a waiver of any defenses to any future application Plaintiffs may make in connection with any other motion or proceeding in this action.

6. Nothing herein shall be deemed to be an agreement or an admission by the Defendants as to the reasonableness of the number of hours billed or the hourly rates claimed by Plaintiffs' counsel.

7. Nothing contained herein shall be deemed to constitute a custom, policy, or practice of the City, the DOE, or any other department, agency, or subdivision of the City or the DOE.

8. This Third Fee Stipulation is solely for the purposes of settlement in this action and does not reflect the positions of the Parties in any other judicial or administrative action or proceeding. The Parties agree not to offer this Third Fee Stipulation or any of its terms as evidence in any other judicial or administrative action or proceeding or settlement negotiation, except that any party to this Third Fee Stipulation may use it in connection with any subsequent action or proceeding brought to enforce it, or in any other action brought concerning counsel fees, costs, expenses, and disbursements that were accrued or incurred in or concerning this action from June 16, 2010 through June 15, 2011.

9. This Third Fee Stipulation contains all of the terms and conditions agreed on by the Parties regarding the settlement of Plaintiffs' claim for counsel fees, costs, expenses, and disbursements in this litigation accrued or incurred in or concerning this action from June 16, 2010 through June 15, 2011. No oral agreement entered into at any time nor any other written agreement entered into prior to the execution of this Third Fee Stipulation shall be deemed to exist, to bind the parties, or to vary the terms and conditions contained herein.

10. This Third Fee Stipulation is final and binding on all Parties, as well as their successors and assigns.

11. This Third Fee Stipulation is not intended, and shall not be construed, to alter, vary, modify, revise, or amend any of the terms of the Settlement Agreement.

Dated: New York, New York
        May 9, 2012

| | |
|---|---|
| **ADVOCATES FOR CHILDREN OF NEW YORK, INC.** | **MICHAEL A. CARDOZO**<br>**CORPORATION COUNSEL OF THE CITY OF NEW YORK** |
| By: *Rebecca Shore*<br>Rebecca C. Shore, Esq. | By: _____<br>David A. Rosinus, Jr., Esq. |
| 151 West 30th Street, 5th Floor<br>New York, New York 10001 | 100 Church Street, Rm. 2-165<br>New York, New York 10007 |
| | **Counsel for Defendants** |
| - and - | |
| **MORRISON & FOERSTER LLP** | |
| By: _____<br>Matthew M. D'Amore, Esq. | |
| 1290 Avenue of the Americas<br>New York, New York 10104 | |
| **Counsel for Plaintiffs** | |

*close the case*

SO ORDERED:

_____
U.S.D.J.  5/22/12

cc: **By e-mail** (w/ Encl.)

    Rebecca Shore, Esq.
    Advocates for Children of New York, Inc.

    Mathew M. D'Amore, Esq.
    Morrison & Foerster LLP

    Attorneys for Plaintiffs

2



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | D. ALAN ROSINUS<br>General Litigation, Room 2-165<br>Phone: (212) 788-8316<br>Fax: (212) 788-0877<br>arosinus@law.nyc.gov<br>(not for service) |

May 21, 2012

**BY HAND DELIVERY**

Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   D.S., *et al.* v. New York City Department of Education, *et al.*,
            Civ. No. 05-4787 (JBW) (CLP)

Dear Judge Weinstein:

      I am an Assistant Corporation Counsel assigned to represent the City Defendants in the above-referenced class action. Please find enclosed an executed copy of the Third Stipulation and Order of Settlement Concerning Counsel Fees, Costs, Expenses, and Disbursements, which the parties respectfully request that the Court so-order.

      Thank you for your consideration of this matter.

Respectfully,

David A. Rosinus, Jr. (DR 6431)
Assistant Corporation Counsel

Enclosure